UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

XAVIER PAYNE,

      Plaintiff,

v.

UNKNOWN MAY and
UNKNOWN MORRISON,

      Defendants.

Case No. 1:23-cv-441

Hon. Hala Y. Jarbou

# REPORT AND RECOMMENDATION

This is a *pro se* civil rights action brought pursuant to 42 U.S.C. § 1983 by Xavier Payne ("Payne"), a prisoner in the custody of the Michigan Department of Corrections (MDOC). Payne sued Corrections Officer (CO) Bryan May and CO Layne Morrison. This matter is now before the Court on defendants' motion for summary judgment on the basis of exhaustion (ECF No. 18).

    **I.**    **Payne's allegations**

Payne alleged that he suffers from asthma. On December 12, 2022, while incarcerated at the Bellamy Creek Correctional Facility (IBC), Payne alleged that COs May and Morrison delayed his access to breathing treatment while he experienced an asthma attack. *See* Compl. (ECF No. 1, PageID.4). Payne seeks damages for the violation of his Eighth Amendment rights. *Id*. at PageID.5.

    **II.**    **Legal standard**

    **A.**    **Summary judgment**

1

Defendants moved for summary judgment for lack of exhaustion. "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  Rule 56 further provides that a party asserting that a fact cannot be or is genuinely disputed must support the assertion by:

> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1).

In *Copeland v. Machulis*, 57 F.3d 476 (6th Cir. 1995), the court set forth the parties' burden of proof in a motion for summary judgment:

> The moving party bears the initial burden of establishing an absence of evidence to support the nonmoving party's case.  Once the moving party has met its burden of production, the nonmoving party cannot rest on its pleadings, but must present significant probative evidence in support of the complaint to defeat the motion for summary judgment. The mere existence of a scintilla of evidence to support plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff.

*Copeland*, 57 F.3d at 478-79 (citations omitted).  "In deciding a motion for summary judgment, the court views the factual evidence and draws all reasonable inferences in favor of the nonmoving party." *McLean v. 988011 Ontario Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000).

### B.     Lack of Exhaustion

#### 1.     Exhaustion requirement

The Prison Litigation Reform Act (PLRA) provides that a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must first exhaust available

2

administrative remedies. *See Porter v. Nussle*, 534 U.S. 516 (2002); *Booth v. Churner*, 532 U.S. 731 (2001). A prisoner must exhaust available administrative remedies, even if the prisoner may not be able to obtain the specific type of relief he seeks in the state administrative process. *See Porter*, 534 U.S. at 520; *Booth*, 532 U.S. at 741. One reason for creating prisoner grievance procedures under the PLRA was to create an administrative record for the court.

> Requiring exhaustion allows prison officials an opportunity to resolve disputes concerning the exercise of their responsibilities before being haled into court. This has the potential to reduce the number of inmate suits, and also to improve the quality of suits that are filed by producing a useful administrative record.

*Jones v. Bock*, 549 U.S. 199, 204 (2007).

In order to properly exhaust administrative remedies, prisoners must complete the administrative review process in accordance with the deadlines and other applicable procedural rules. *Id.* at 218; *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006). "Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhaust.'" *Jones*, 549 U.S. at 218.

### 2. MDOC Grievance process

The MDOC requires prisoners to follow a three-step process to exhaust grievances. *See* MDOC Policy Directive ("PD") 03.02.130 (effective March 18, 2019). A prisoner must first attempt to resolve a problem with the staff member within two business days of becoming aware of the grievable issue, unless prevented by circumstances beyond his or her control. *Id.* at ¶ Q. If the issue is not resolved, then the grievant may file a Step I grievance on the prescribed form within five business days after the grievant attempted to resolve the issue with appropriate staff. *Id.* at ¶¶ Q and S. The Policy Directive provides the following directions for completing grievance forms:

> The issues should be stated briefly but concisely. Information provided is to be limited to the <u>facts</u> involving the issue being grieved (i.e., who, what, when, where, why, how). Dates, times, places and names of all those involved in the issue being grieved are to be included.

*Id.* at ¶ S (emphasis in original).  The prisoner must send the Step I grievance to the appropriate grievance coordinator.  *Id.* at ¶ W.  If the prisoner is dissatisfied with the Step I response, or does not receive a timely response, he must request the appropriate form and send it to the Step II Grievance Coordinator.  *Id.* at ¶ DD.  Finally, if a prisoner is dissatisfied with the Step II response, or does not receive a timely response, he must send a completed Step III grievance, using the appropriate form, to the Grievance and Appeals Section.  *Id.* at ¶ HH.

### III.   Discussion

The issue in this motion is whether Payne properly exhausted a relevant grievance prior to filing this lawsuit.  As an initial matter, defendants pointed out that Payne did not pursue any Step III grievances arising out of IBC before filing the lawsuit.  *See* Defendants' Brief (ECF No. 19, PageID.79, 86); MDOC Prisoner Step III Grievance Report (ECF No. 19-3, PageID.101-102).  After reviewing Payne's response, defendants acknowledged that he did file a grievance at IBC, designated as Grievance No. IBC-22-12-2186-17i ("IBC 2186") and that the 17i in the grievance number was changed to 28e to show the rejection.  Defendants' Reply (ECF No. 23, PageID.130).  However, the grievance "was incorrectly entered as MRF-22-12-2186-28e instead of IBC-22-12-2186-17i at Step III, and as such did not appear to be an IBC grievance."  *Id*.

In Grievance 2186, Payne alleged that defendants May and Morrison delayed his breathing treatment on December 12, 2022.  *See* Grievance 2186 (ECF No. 23-2, PageID.136).  Defendants contend that this grievance was unexhausted because it was rejected at Step III.  *Id*.  "As long as the state clearly rejects a grievance for a reason explicitly set forth in the applicable grievance procedure, a subsequent § 1983 claim based on the grievance will be subject to dismissal for failure to properly exhaust."  *Brooks v. Hardy*, No. 1:16-cv-1336, 2017 WL 6048822 at *2 (W.D. Mich. Dec. 6, 2017)

Defendants' contention is without merit.  MDOC records state that,

> The Step III appeal is **REJECTED** at Step III pursuant to PD 03.02.130 "Prisoner/Parolee Grievances" for the following reason(s)  MRF-22-12-2186-17i – Missing Step II response [.]

Grievance MRF 2186 at PageID.134.  The MDOC's Step III rejection did not cite a specific grievance procedure within PD 03.02.130 for rejecting the appeal.  *See Brooks*, 2017 WL 6048822 at *2.  In this regard, PD 03.02.130 ¶ H states that, "Grievances shall not be rejected or denied solely because the prisoner has not included with his/her grievance exhibits or other documents related to the grievance[.]"  PD 03.02.130 (ECF No. 19-2, PageID.91).  Based on the language of PD 03.02.130 ¶ H, courts have concluded that the failure to include grievance responses in the Step III appeal does not preclude proper exhaustion.  *See Margosian v. Martinson*, No. 1:21-cv-1061, 2023 WL 1442426 at *2 (W.D. Mich. Feb. 1, 2023).  Here, the only reason cited for rejecting the Step III appeal of Grievance 2186 is that the grievance was missing a response.  The MDOC cannot reject a Step III appeal on that basis.  Based on this record, the Court construes Grievance 2186 as properly exhausted for purposes of proceeding with this lawsuit.  Accordingly, defendants' motion for summary judgment should be denied.

### IV.    Recommendation

For these reasons, I respectfully recommend that defendants' motion for summary judgment (ECF No. 18) be **DENIED**.

Dated:  May 23, 2024                          /s/ Ray Kent
                                              United States Magistrate Judge


ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report.  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order.  *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).