UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

XAVIER PAYNE,

    Plaintiff,

v.

UNKNOWN MAY, et al.,

    Defendants.
_____/

Case No. 1:23-cv-441

Hon. Hala Y. Jarbou

## ORDER

On August 11, 2025, Magistrate Judge Ray Kent issued a report and recommendation ("R&R") recommending that the Court grant Defendants' motion for summary judgment. (R&R, ECF No. 51.) Before the Court are Plaintiff's objections to the R&R (ECF No. 53).[1] For the reasons below, the Court adopts the R&R and grants the motion.

Under Rule 72 of the Federal Rules of Civil Procedure,

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b)(3).

In his complaint, Plaintiff alleges that he suffered an asthma attack on December 12, 2022, that left him "audibly wheezing, coughing and gasping for air." (Compl., ECF No. 1, PageID.4.) He had tried to use his "rescue inhaler," but it did not work. (*Id.*) He told the prison officers nearby, Defendants May and Morrison, that he needed "breathing treatment immediately." (*Id.*) They told Plaintiff he would have to wait because it was "count time." (*Id.*)

---

[1] Plaintiff initially filed his objections without a certificate of service (ECF No. 52). The following day, the Court received a second set of objections (ECF No. 53), along with a motion to withdraw his original objections (ECF No. 54). The Court will grant the motion to withdraw and consider Plaintiffs' second set of objections.

They instructed him to wait in the prison day room. He received treatment about 30 minutes later. (*Id.*)

Defendants moved for summary judgment, relying primarily upon an investigative summary prepared by the reviewer of Plaintiff's prisoner grievance about the incident. According to that summary, Officer May contacted the healthcare unit and informed Nurse McIntyre about Plaintiff's condition. (Step I Grievance Resp., ECF No. 43-3, PageID.253.) Officer Morrison placed Plaintiff in the day room while waiting for further instructions. Nurse McIntyre then called the housing unit and asked the officers to escort Plaintiff to the healthcare unit. Shortly thereafter, Nurse McIntyre saw Plaintiff and treated him. (*Id.*) The magistrate judge considered this summary in his analysis because Plaintiff did not object to it. (R&R 7 n.1.)

In support of his response to the motion for summary judgment, Plaintiff submitted a copy of his medical records. According to those records, McIntyre noted that Plaintiff had "[m]ild inspiratory wheezing"; his vital signs were "unremarkable." (Med. R., ECF No. 45-2, PageID.294.) The magistrate judge concluded that Plaintiff's Eighth Amendment claim cannot survive because he failed to show that he faced a sufficiently serious risk of harm that would have presented an obvious need for more urgent care. (R&R 7-8.)

Objection 1

Plaintiff objects that the magistrate judge failed to consider all the evidence Plaintiff presented. In particular, Plaintiff notes that his medical records show he had a history of visits to the healthcare unit due to asthma and difficulty breathing in the weeks before the incident involving Defendants. However, that history does not change the outcome. At issue is whether Defendants were deliberately indifferent to Plaintiff's medical needs on December 12, 2022. Even

assuming Defendants were aware of Plaintiff's history, that history does not suggest that he faced a substantial risk of serious harm without more immediate care.

Objection 2

Next, Plaintiff argues that the magistrate judge misconstrued his medical records in several ways. The magistrate judge accurately observed that Plaintiff's records describe his condition at the time of his assessment by Nurse McIntyre as "Urgent/Emergent" rather than "Routine." (R&R 6.) As explained by the magistrate judge, urgent, emergent, and routine are three categories of conditions described in prison policies. (*Id.* at 5-6.) The magistrate did not, as Plaintiff argues, simply assume that his visit was "Urgent/Emergent" because it was not scheduled or routine.

Plaintiff also objects to the magistrate judge's conclusion that his condition was not sufficiently serious. As indicated, Nurse McIntyre assessed Plaintiff as having "mild inspiratory wheezing." (Med. R., ECF No. 45-2, PageID.294.) Plaintiff objects that his symptoms were more serious when he first asked for help 30 minutes earlier. Plaintiff offers no support for this assertion, however. Notably, in his response to the motion for summary judgment, Plaintiff provided no evidence of the symptoms he was experiencing before he met with Nurse McIntyre. Plaintiff relies upon his complaint, in which he alleged that he was wheezing, coughing, and gasping for air. Those allegations, however, are not evidence.

Plaintiff also points to McIntyre's observations that Plaintiff was coughing and had "[i]mpaired gas exchange" and "diminished" "lung sounds." (Med. R., PageID.293-94.) But even construing this evidence in Plaintiff's favor, it simply highlights the undisputed fact that Plaintiff was having some difficulty breathing due to his asthma. Those symptoms alone do not suffice to present a substantial risk of serious harm requiring more immediate treatment than what Plaintiff received. To establish the objective component of an Eighth Amendment claim based on delay in

treatment, Plaintiff must show "an injury or illness 'so obvious that even a layperson would easily recognize the necessity for a doctor's attention,'" and he must "show that he actually experienced the need for medical treatment, and that the need was not addressed within a reasonable time frame." *Blackmore v. Kalamazoo County*, 390 F.3d 890, 899-900 (6th Cir. 2004) (quoting *Gaudreault v. Municipality of Salem*, 923 F.2d 203, 208 (1st Cir. 1990)).  Plaintiff has not shown that his needs were not addressed in a reasonable time frame.  On the contrary, his records indicate that he was treated promptly and was in stable condition when he received that treatment.

<u>Objection 3</u>

Plaintiff also objects to the magistrate judge's consideration of the grievance response. According to Plaintiff, that response contains hearsay and is incomplete.  However, Plaintiff did not make these objections to the magistrate judge.  "[A]bsent compelling reasons," the Magistrate Judge Act "does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate." *See Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000).  Here, the magistrate judge correctly observed that Plaintiff failed to object to Defendants' reliance on the grievance response.

At any rate, excluding the grievance materials would not change the outcome.  The grievance response contains no pertinent facts that are not already part of, or deducible from, the medical records presented by Plaintiff.  In other words, there is no genuine dispute that Plaintiff received medical attention approximately 30 minutes after he informed Defendants of his need for care.  There is also no genuine dispute that Nurse McIntyre found that Plaintiff's vital signs were unremarkable and that he exhibited mild wheezing.  No evidence suggests Plaintiff's need for care was significantly more serious when he first asked Defendants for assistance, let alone that his

4

symptoms were serious enough to present a substantial risk of serious harm without more prompt treatment.[2]

Objection 4

Finally, Plaintiff objects to the magistrate judge's conclusion that Defendants are entitled to qualified immunity.  He argues that they were deliberately indifferent to a serious medical need.  But because the Court agrees with the magistrate judge that no constitutional violation occurred, the Court also agrees that Defendants are entitled to qualified immunity.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion to withdraw his original objections (ECF No. 54) is **GRANTED.**

**IT IS FURTHER ORDERED** that Plaintiff's second set of objections (ECF No. 53) are **OVERRULED**.

**IT IS FURTHER ORDERED** that the R&R (ECF No. 51) is **APPROVED** and **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that Defendants' motion for summary judgment (ECF No. 42) is **GRANTED**.

A judgment will enter that is consistent with this Order.


Dated: September 3, 2025                    /s/ Hala Y. Jarbou
                                             HALA Y. JARBOU
                                             CHIEF UNITED STATES DISTRICT JUDGE

---

[2] Plaintiff also submitted an opinion letter from a registered nurse regarding the seriousness of asthma generally (ECF No. 45-7), but that letter does not aid Plaintiff's case because it does not opine on Plaintiff in particular.  Nor does it speak to the particular symptoms he was experiencing on the date in question.